WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Bowers-Crawford,<br><br>Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-16-02939-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Terri Bowers-Crawford's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 16, 17, 18), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained herein, the decision is reversed

and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1967, has been employed as a hospital admitting clerk and accounting clerk. (A.R. 98-99, 106). In 2012, Plaintiff filed an application for disability insurance benefits. (A.R. 174-75). Plaintiff's application alleged that on August 27, 2012, she became unable to work due to (i) severe migraines; (ii) seizures; (iii) lung tumors; (iv) insomnia/sleeplessness; and (v) "migraine-related nausea and vomiting." (A.R. 106). Social Security denied the application on January 29, 2013. (A.R. 133-35). In October 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 137-40). Plaintiff sought further review by an ALJ, who conducted a hearing in January 2015. (A.R. 85-104, 143-44).

In his March 25, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 61-74). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-7, 55-56). On September 1, 2016, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

## B. The ALJ's Application of the Five-Step Disability Analysis

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 11, 2012, the alleged disability onset date. (A.R. 63). Neither party disputes this determination.

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) status-post right lung surgery; (ii) migraine headaches; and (iii) history of non-specific versus pseudo seizures. (A.R. 63). This determination is undisputed.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 64). Neither party challenges the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that
> [Plaintiff] can stand or walk for up to two hours out of a typical workday day [sic]; can sit for at least six hours in a typical workday; can occasionally climb stairs and ramps; should never climb ropes, ladders, or scaffolds; can occasionally stoop, kneel, and crouch; should avoid exposure to extreme cold and moving and dangerous machinery; and should avoid all exposure to unprotected heights.

(A.R. 64-65). Based on the assessed RFC and the testimony of the Vocational Expert ("VE"), the ALJ concluded that Plaintiff is capable of performing her past relevant work as a hospital admitting clerk and accounting clerk. (A.R. 73). Plaintiff disputes this determination, asserting that the ALJ improperly weighed the opinions of her treating physician and improperly discounted her testimony regarding her symptoms. (Doc. 16 at 13-22).

### 5. Step Five: Capacity to Perform Other Work

Given the conclusion at Step Four that Plaintiff could perform her past relevant work, the ALJ did not reach Step Five of the disability analysis.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinion of Treating Physician Scot Fechtel, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

The ALJ reviewed records from Plaintiff's treating physician, Scot Fechtel, M.D. On December 10, 2012, Dr. Fechtel completed a disability form in which Dr. Fechtel opined that "while [Plaintiff's] treatment is ongoing the frequency and intensity of her

migraine coupled with the threat of seizure makes it unlikely that she will be able to return to work even in a sedentary capacity." (A.R. 190). On June 4, 2014, Dr. Fechtel completed a Headache Questionnaire in which he stated that Plaintiff has "medically intractable chronic migraines" and indicated that Plaintiff's condition would last at least twelve months. (A.R. 555-56). Dr. Fechtel indicated that Plaintiff would generally be precluded from performing "even basic work" activities during the times she has a headache. (A.R. 556). Dr. Fechtel indicated on the form that Plaintiff has had "minimal response to multiple treatment trials" and opined that Plaintiff would miss work more than three times a month. (*Id.*).

The ALJ gave Dr. Fechtel's opinions little weight. (A.R. 71). Because Dr. Fechtel's opinions are contradicted by other acceptable medical sources,[3] the ALJ's reasons for discounting Dr. Fechtel's opinions must be specific and legitimate and supported by substantial evidence in the record.

In explaining why Dr. Fechtel's opinions were discounted, the ALJ stated "First, the headache form was completed eight months after the claimant's last appointment with Dr. Fechtel. Though the claimant testified that she saw him monthly, there is no documentary evidence in the record that she saw Dr. Fechtel after October 2013 . . . ." (A.R. 71). The record, however, reflects that Plaintiff saw Dr. Fechtel a number of times after October 2013.[4] (A.R. 573-90). The Court finds that the ALJ's first reason for

---

[3] Dr. Fechtel's opinions are contradicted by the opinions of the non-examining State agency physicians. (A.R. 112-14; 126-30); *see Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 924 (9th Cir. 2002) ("The ALJ could reject the opinions of Moore's examining physicians, contradicted by a nonexamining physician, only for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"); *Mendoza v. Astrue*, 371 F. App'x 829, 831 (9th Cir. 2010) ("An ALJ may reject an opinion of an examining physician, if contradicted by a non-examining physician, as long as the ALJ gives 'specific and legitimate reasons that are supported by substantial evidence in the record.'").

[4] The Appeals Council added to the record examination notes from Dr. Fechtel's office (Foothill Neurology) that are dated December 11, 2013 through March 12, 2015. (A.R. 2, 5, 573-90). The Ninth Circuit has held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."

discounting Dr. Fechtel's opinions is invalid as it is not supported by substantial evidence.

> The ALJ's second reason for discounting Dr. Fechtel's opinions is as follows:
> > Dr. Fechtel's December 10, 2012 form drastically overstates the claimant's limitations. For example, he opines that claimant can walk, sit, or stand for zero hours. On the same day he completed that form, he noted that the claimant "arises readily and has a normal gait and posture." (10F/13). His opinion and his observation directly contradict one another. Indeed, none of Dr. Fechtel's notes reflect anything near the degree of limitation he allegeg [sic] in his opinions.

(A.R. 72). The Court finds that the ALJ's statements above mischaracterize the record. Dr. Fechtel did not opine on the December 2012 disability form that Plaintiff had limitations relating to her gait or posture. Dr. Fechtel opined that Plaintiff's "migraines coupled with the threat of seizure makes it unlikely that she will be able to return to work even in a sedentary capacity." (A.R. 190). This opinion is also reflected in Dr. Fechtel's December 2012 treatment note in which Dr. Fechtel states: "Plaintiff has not been able to return [to work] due to a combination of intractable migraine which has not subsided since surgery and her seizures." (A.R. 476). The Court does not find that the notation in Dr. Fechtel's December 10, 2012 treatment record that Plaintiff had a normal gait and posture contradicts his opinion that Plaintiff is unable to perform even sedentary work as a result of migraines and possible seizures. The Court finds that Dr. Fechtel's opinions expressed in the December 2012 disability form are consistent with Dr. Fechtel's examination notes. The ALJ's second reason for discounting Dr. Fechtel's opinions is invalid.

The ALJ also stated that the limitations expressed in the December 2012 disability form were "far more extreme than the claimant's self-reports as to her activities (6E, 7E, and 8E)." (A.R. 71). The ALJ does not explain the reasons for reaching this conclusion. The Ninth Circuit has instructed that a court "cannot substitute

---

*Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

- 8 -

[the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal quotations marks and citation omitted). Moreover, although Plaintiff stated that she could stand/walk for 1.5 hours and sit for three to four hours before pain occurs, Plaintiff reported that she is "in bed most all of the day, and unable to sleep most nights" as her "migraines cause vomiting and nausea, and prevent sleep." (A.R. 220, 227). Plaintiff also reported that while she "occasionally" does the laundry, her husband cares for her children and does "all of the cooking, cleaning, shopping and school-related duties" because her condition has worsened. (A.R. 224). The Court does not find that the ALJ's conclusion that Dr. Fechtel's opinions regarding Plaintiff's limitations are "far more extreme" than Plaintiff's reported limitations is based on substantial evidence in the record.

To further explain why he gave little weight to Dr. Fechtel's opinions, the ALJ expressed concern regarding Dr. Fechtel's motivation for making his opinions. The ALJ discussed a January 27, 2012 treatment record in which Dr. Fechtel stated that disability was "probably appropriate given the level and intensity of medicines required to keep her reasonably comfortable." (A.R. 72; 437). The ALJ observed that this note pre-dates Plaintiff's alleged disability onset date and was made when Plaintiff was working full time. (A.R. 72). The ALJ also noted that on August 9, 2012, Dr. Fechtel wrote: "Given the amount of work time she was losing because of her headache and the complication of her lung surgery and persistent post-surgical pain, I think at this point she would be best served to consider Social Security Disability." (A.R. 72; 426). The ALJ found that "[t]hese statements indicate a potential motivation on the part of Dr. Fechtel to secure benefits for the claimant, which, when viewed in conjunction with the exceptionally severe limitations expressed in his opinions, support assessing little weight to his opinions as to the claimant's functional abilities." (A.R. 72). The Court does not find

- 9 -

that this is a legitimate reason for discounting Dr. Fechtel's opinion. Dr. Fechtel's statements do not indicate that Dr. Fechtel was so sympathetic to Plaintiff as to impair his professional judgment or was acting as Plaintiff's agent. *See Haulot v. Astrue*, 290 F. App'x 53, 54 (9th Cir. 2008) (holding that an ALJ's statement that treating doctor was "sympathetic" to a claimant did not constitute substantial evidence for rejecting the doctor's diagnosis where the ALJ did not point to evidence that the doctor "was so sympathetic to [the claimant] as to impair his sound professional opinion, or was acting as [the claimant's] agent to aid him in collecting disability benefits"); *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner."); *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits."); *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) (an "ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a workers' compensation proceeding, or because it was couched in the terminology used in such proceedings") (citing *Coria v. Heckler*, 750 F.2d 245, 247-48 (3d Cir. 1984)).

The ALJ also discounted Dr. Fechtel's opinions on the basis that the "opinions are quite conclusory, providing very little explanation of the evidence relied on [in] their formation." (A.R. 72). However, the opinions in the 2014 Headache Questionnaire and December 2012 disability form are supported by Dr. Fechtel's examination notes. As the Ninth Circuit has explained, "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course

of treatment." *Id.* The Court finds that based on the record, the ALJ improperly rejected Dr. Fechtel's opinions on the ground that the opinions are "conclusory." *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

For the above reasons, the Court finds that the ALJ discounted Dr. Fechtel's opinions without providing specific and legitimate reasons that are supported by substantial evidence in the record.[5] This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

### D. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

    1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

    2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability

---

[5] The Court may only affirm an ALJ's decision based on grounds stated in the ALJ's decision. *See Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017) ("[T]he district court erred by developing its own reasons to discount Dr. Galhotra's opinion, rather than reviewing the ALJ's reasons for substantial evidence.").

- 11 -

determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

 3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Fechtel opined that Plaintiff would miss more than three days of work each month due to her migraines. (A.R. 556). At the administrative hearing, the VE testified that if Plaintiff were to miss three or more days of work a month, she would not be able to retain employment. (A.R. 99). The VE's testimony establishes that if Dr. Fechtel's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective May 11, 2012 (the disability onset date).

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective May 11, 2012.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 30th day of November, 2017.

_____
Eileen S. Willett
United States Magistrate Judge